NO.
12-07-00355-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

IN RE: ANTHONY JOSEPH RICHARD,

RELATOR     §          ORIGINAL
PROCEEDING

 

§

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Anthony
Joseph Richard seeks a writ of mandamus requiring the trial court and the
district clerk to issue citation and serve the defendants named in Richard’s
lawsuit, which he alleges he filed in March 2007.  We dismiss Richard’s petition for lack of
jurisdiction in part and deny it in part.

 

District
Clerk

            When the
issuance of citation is properly requested, the duty to issue citation rests
upon the district clerk.  See Tex. R. Civ. P. 99.  Service by registered or certified mail and
citation by publication must, if requested, be made by the clerk of the court
in which the case is pending.  Tex. R. Civ. P. 103.  However, we do not have jurisdiction to issue
a writ of mandamus against a district clerk unless the writ is necessary to
enforce this court’s jurisdiction.  See
Tex. Gov’t Code Ann. § 22.221
(Vernon 2004); In re Johnson, 12-06-00018-CV, 2006 WL 176927, at
*1 (Tex. App.–Tyler Jan. 25, 2006, orig. proceeding).  Richard alleges that he has requested the
district clerk to issue citation and serve the defendants named in his
lawsuit.  But he has not alleged or
demonstrated that a writ of mandamus directed to the district clerk is
necessary to enforce this court’s jurisdiction. 
Therefore, we are without jurisdiction to grant mandamus relief as to
the district clerk.  

 

Trial Court

            Generally, a
party seeking mandamus relief cannot prevail absent a showing that the trial
court abused its discretion and appeal is an inadequate remedy.  See Walker v. Packer,
827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).  The trial court has no duty to issue citation
or effect service.  See Tex. R. Civ. P. 99, 103.  Therefore, its failure to do so cannot
constitute an abuse of discretion.  See
Walker, 827 S.W.2d at 839-40. 
Because Richard has not shown an abuse of discretion by the trial court,
he has not established that he is entitled to the requested relief.  See id. at 839.  

Disposition

            The portion
of Richard’s petition seeking a writ of mandamus directed to the district clerk
is dismissed for want of jurisdiction.  The portion seeking a writ of mandamus
directed to the trial court is denied.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered October 11,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)